IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| JASON COLE,<br><br>    Plaintiff,<br><br>v.<br><br>JAGUAR LAND ROVER NORTH AMERICA, LLC,<br><br>    Defendant. | Civil No. 11-4174 (RMB)<br><br>**OPINION** |

Appearances:

    Jacqueline C. Herritt
    Kimmel & Silverman, P.C.
    Executive Quarters,
    1930 East Marlton Pike, Suite Q29
    Cherry, Hill NJ 08003
        Attorneys for Plaintiff

    James S. Dobis
    Dobis, Russell & Peterson P.C.
    326 South Livingston Avenue
    Livingston, NJ 07039
        Attorneys for Defendant

**BUMB**, United States District Judge:

Plaintiff Jason Cole ("Plaintiff" or "Pl.") filed a complaint (the "Complaint" or "Compl.") in New Jersey Superior Court, Camden County, asserting claims under the New Jersey Motor Vehicle Warranty Act, Magnuson-Moss Warranty Improvement Act ("MMWA"), and the Uniform Commercial Code against Defendant Jaguar Land Rover North America, LLC ("Defendant" or "Def.").

1

Defendant removed the case to the United States District Court for the District of New Jersey, claiming that this court has original jurisdiction under the MMWA and supplemental jurisdiction over Plaintiff's state law claims.  Plaintiff moved for remand.  For the reasons that follow, Plaintiff's motion is GRANTED.

I.   Background

    A.   Factual

On or about January 4, 2010, Plaintiff leased a new 2010 Jaguar XF from Cherry Hill Classic Cars in Cherry Hill, New Jersey.  Compl. ¶¶ 3, 4, 17.[1]  The vehicle was manufactured and warranted by Defendant.  Compl. ¶ 3.  The lease payments totaled $30,425 to be paid out over the term of the lease.  Compl. Ex. B.[2]  As part of the agreement between Plaintiff and Defendant, Plaintiff alleges that Defendant issued "several warranties, guarantees, affirmations or undertakings with respect to the material or workmanship of the vehicle and/or remedial action in the event the vehicle fail[ed] to meet the promised specifications," including "an express 4 year/50,000 mile warranty."  Compl. ¶¶ 6, 7, 8.

---

[1]   The facts recited herein are drawn from Plaintiff's Complaint, which this Court accepts as true for the purposes of this motion.

[2]   The Complaint alleges that the "lease price of the vehicle" was "approximately $28,000."  Compl. ¶ 5.  While Plaintiff has not explained the inconsistency between this figure and the figure quoted in the lease, the discrepancy is immaterial for the purposes of resolving Plaintiff's motion.

Plaintiff alleges that the vehicle has been rendered "substantially impaired, unable to be utilized for its intended purposes, and is worthless" due to ineffective attempts to repair the vehicle by Defendant through its authorized dealer. Compl. ¶ 9.  Plaintiff alleges three documented warranty repair attempts by defendant: (1) an attempt to repair abnormal noise in the brakes, vehicle sluggishness, a defective glove box, and problems with the transmission on or before August 24, 2010 (Compl. ¶ 10); (2) an attempt to repair a "defective air conditioner" on or before September 29, 2010 (Compl. ¶ 11); and (3) a second attempt to fix the air conditioner, along with an attempt to fix the radio, on or before November 1, 2010 (Compl. ¶ 12).   Despite the repair attempts, Plaintiff alleges that the vehicle "continues to exhibit defects and nonconformities, which substantially impair its use, value, and/or safety." Compl. ¶ 13.

B.   Procedural

Plaintiff commenced this action against Defendant in the Superior Court of New Jersey, Camden County on June 23, 2011, asserting claims under the MMWA and under New Jersey state law. Pursuant to 28 U.S.C. § 1441(b), Defendant filed a notice of removal to the United States District Court for the District of New Jersey on July 20, 2011.  Defendant asserts that removal is proper because Plaintiff's MMWA claim provides for original

federal question jurisdiction when the amount in controversy is at least $50,000 and Plaintiff's claim exceeds that amount. Defendant further argues that this court has supplemental jurisdiction over Plaintiff's state law claims because they "arise from a common nucleus of operative facts." Def.'s Notice of Removal at 2.

Plaintiff filed a motion to remand the case to state court, pursuant to 28 U.S.C. § 1447(c), on July 27, 2011. Plaintiff argues that his cause of action does not meet the requisite $50,000 amount in controversy under the MMWA necessary to trigger federal jurisdiction.

II. Standard of Review

A defendant may remove a civil action filed in state court to federal court if the federal court would have had original jurisdiction over the action. 28 U.S.C. § 1441(b). Pursuant to 28 U.S.C. § 1447(c), the federal court must remand an action "[i]f at any time before final judgment, it appears that the district court lacks subject matter jurisdiction…."

On a motion to remand, where jurisdictional facts are in dispute, "the party challenging federal jurisdiction bears the burden of proving necessary facts by a preponderance of the evidence." Zanger v. Bank of Am., N.A., No. 10-2480, 2010 WL 3910142, at *2 (D.N.J. Oct. 1, 2010). However, if jurisdictional facts are not in dispute, the analysis turns on

4

whether Plaintiff has specifically averred in the complaint that the amount in controversy is less than the jurisdictional minimum.  Id.  Where the plaintiff has done so, "a defendant seeking removal must prove to a legal certainty that plaintiff can recover the jurisdictional amount." Frederico v. Home Depot, 507 F.3d 188, 196-97 (3d Cir. 2007). "A plaintiff is entitled to this deferential standard only if the complaint specifically (and not impliedly) and precisely (and not inferentially) state[s] that the amount sought shall not exceed the jurisdictional minimum." Zanger, 2010 WL 3910142, at *2 (quotation and citation omitted).  In contrast, where a plaintiff has not specifically and precisely averred in the complaint that the amount in controversy is less than the jurisdictional minimum, the case may only be remanded if the Plaintiff demonstrates, to a legal certainty, that it cannot recover the jurisdictional amount.  Frederico, 507 F.3d at 195, 197; Lawton v. Basic Research, L.L.C., No. 10-6341, 2011 WL 1321567, at *2 (D.N.J. April 4, 2011).

III. Analysis

    This Court's analysis proceeds in three parts.  First, it discusses the basis for federal jurisdiction – the MMWA. Second, it assesses the appropriate standard of review based on whether jurisdictional facts are in dispute and whether Plaintiff has specifically averred that its claimed damages are

below the jurisdictional minimum.  Third, it determines whether, under the appropriate standard, remand is warranted.

    A.    Federal Jurisdiction Under The MMWA

Defendant's removal is predicated on the MMWA.  The MMWA states that "a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this chapter, or under a written warranty, implied warranty, or service contract, may bring suit for damages and other equitable relief" in state or federal court. 15 U.S.C. § 2310(d)(1).  However, the MMWA imposes a limit on federal jurisdiction by stating that a federal court may not take jurisdiction if "the amount in controversy is less than the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit."  Id. § 2310(d)(3)(B).  Under the statute, supplemental state law claims, court costs, and potential attorney's fees are not taken into consideration when calculating the amount in controversy.  Samuel-Bassett v. Kia Motors Am., 357 F.3d 392, 402-03 (3d Cir. 2004); Suber v. Chrysler Corp., 104 F.3d 578, 588 n. 12 (3d Cir. 1997); Mele v. BMW of N. Am., Inc., No. 93-2399, 1993 WL 469124, at *4 (D.N.J. Nov. 12, 1993).  "[T]he standard measure of damages [in an MMWA case] is the difference between the value of goods as warranted and the value of the defective goods."  Pavese v. General Motors Corp., No. Civ. A.

6

97-3688, 1998 WL 57761, at *5 (E.D.Pa. Feb. 11, 1998); Rouse v. Nissan N. Am., Inc., No. Civ.A.04-5320, 2005 WL 61449, at *3 (E.D.Pa. Jan. 10, 2005)(same).

    B.    Applicable Standard For Remand

At issue here is whether there is subject matter jurisdiction under the MMWA, or whether remand is appropriate. Because there are no jurisdictional facts in dispute, to determine the appropriate standard for remand, the Court must assess whether the Complaint specifically avers that the amount sought for Plaintiff's MMWA claim, the only pertinent claim for jurisdictional purposes, is less than the $50,000 jurisdictional minimum under the MMWA. Zanger, 2010 WL 3910142, at *3; Mele, 1993 WL 469124, at *4 (concluding state law claims were not included in calculating amount in controversy for MMWA jurisdictional purposes).

The Complaint alleges damages under the MMWA "in an amount equal to the price of the subject vehicle, plus all collateral charges, incidental and consequential damages, attorney's fees, and all court costs." Compl. ¶ 46. Because the Court does not consider attorney's fees and court costs in calculating the MMWA amount in controversy (Samuel-Bassett, 357 F.3d at 402-03), the only relevant claimed MMWA damages for the jurisdictional analysis are the "price of the subject vehicle, plus all collateral charges, incidental and consequentional damages[.]"

7

The Complaint did not, however, specifically quantify these damages or aver that these damages are less than the $50,000 jurisdictional minimum.[3]  Therefore, this case may be remanded only if Plaintiff demonstrates with legal certainty that it cannot recover $50,000 or more.  Id.

 C. Remand Is Warranted

This Court concludes, with legal certainty, that Plaintiff cannot recover $50,000 or more in MMWA damages.  While Plaintiff did not specifically aver that its damages are less than the jurisdictional threshold, Plaintiff's Complaint, as a practical matter, impliedly, but necessarily, so limits Plaintiff's

---

[3] The Court recognizes that this finding is at odds with Judge Walls' finding in Royster v. Jaguar Land Rover North America, LLC, No. 11-3599, 2011 WL 4860030, at *3 (D.N.J. Oct. 12, 2011), although Judge Walls reached the same ultimate conclusion as this Court.  That case dealt with the same counsel, same defendant, and almost identical damages claims.  Id. (alleging damages "in an amount equal to the price of the subject vehicle, plus all collateral charges, incidental and consequential damages").  Also like here, plaintiff there did not expressly allege that these damages were less than $50,000.  Id.  Judge Walls nonetheless concluded that the plaintiff there had "averred damages less than the jurisdictional minimum of $50,000" – entitling plaintiff to the more deferential standard of review - because the damages there were almost entirely predicated on the lease price, which was alleged to be below $50,000  Id.  This Court agrees, as discussed below, that, as a practical matter, allegations that a claim is based on a vehicle lease for an amount under the jurisdictional threshold, coupled with an allegation of damages based on the vehicle's price, inexorably lead to the conclusion that the damages at issue are below the jurisdictional threshold.  However, that conclusion is not drawn from a specific and precise statement in the complaint.  It instead relies on implication and inference.  And this Court, though recognizing that this places form over substance, is bound by the Third Circuit's admonition that, to obtain the benefit of the more deferential standard, the plaintiff's complaint must "specifically (and not impliedly) and precisely (and not inferentially) state that the amount sought" is less than the jurisdictional threshold.  Frederico, 507 F.3d at 196.  The Court also notes that, though Royster post-dates the briefing here, given counsels' participation in Royster, and that it involved a practically identical legal issue, counsel should have brought that decision to this Court's attention.

8

damages.

As discussed above, Plaintiff's damages claim has two components for MMWA jurisdictional purposes: (1) "the price of the subject vehicle"; and (2) "all collateral charges, incidental and consequential damages." Plaintiff argues that its claim for damages from the first component is the $30,425 in payments due under the lease. Plaintiff asserts that the remaining claimed damages are less than the $19,575 necessary, when combined with the lease payments, to reach the $50,000 required by the MMWA for federal jurisdiction. Pl.'s Mot. for Remand at 6.

In contrast, Defendant contends that the amount in controversy exceeds $50,000 because the proper price of the vehicle is $53,109.19, the gross capitalized cost of the vehicle. Def.'s Mem. of Law at 5. Importantly, however, if this Court finds that Plaintiff's claim is instead for the total lease payments, Defendant does not contest that the addition of the remaining damages would not be sufficient to satisfy the $50,000 amount in controversy requirement. Therefore, whether the amount in controversy exceeds $50,000 as required turns on the proper characterization of Plaintiff's claim for damages based on the price of the vehicle.

The Court agrees with Plaintiff's characterization for two independent reasons. First, Plaintiff's characterization is

consistent with a plain reading of the Complaint. The Complaint does not, directly or indirectly, refer to the gross capitalized cost of the vehicle, or any other pricing measure based on the sale cost of the vehicle. See generally Complaint. Instead, the sole price the Complaint references is the lease payments due. Compl. ¶ 5 (listing the "lease price of the vehicle" as "approximately $28,000"). Therefore, the reference to damages "in an amount equal to the price of the subject vehicle" (Compl. ¶ 46) can only plausibly refer to the lease payments due, which are far below $50,000. See Royster, 2011 WL 4860030, at *3 (D.N.J. Oct. 12, 2011) (applying similar logic in granting motion to remand for lack of jurisdiction where the plaintiff claimed damages based on the lease payment and not, as the Defendant contended, based on the gross capitalized cost or MSRP); Roxbury v. Gulf Stream Coach, Inc., No. 07-6046, 2008 WL 4307113 (D.N.J. Sept. 15, 2008) (remanding for lack of jurisdiction where the plaintiff conceded that he did not seek damages based on the price of the vehicle and that the claimed damages were less than $50,000). Second, even if Plaintiff's Complaint could be read as stating a claim based on the vehicle's gross capitalized cost, as a legal matter, Plaintiff's lease payments represent the outward bound of any potential damages, since a plaintiff's MMWA recovery is generally based on the difference between the price paid and the value received.

10

See Rouse, 2005 WL 61449, at *4 (holding that the price paid for a defective vehicle represented the maximum recoverable in damages).  Thus, there is no potential that Plaintiff's damages claims exceed the jurisdictional minimum and remand is appropriate.

IV. Conclusion

For the reasons set forth above, Plaintiff's motion to remand the matter to the Superior Court of New Jersey, Law Division, Camden County is GRANTED.  An accompanying Order shall issue this date.

s/Renée Marie Bumb<br>
RENÉE MARIE BUMB<br>
United States District Judge

Dated: March 2, 2012